OPINION OF THE COURT
John G. Turner, J.
This is an appeal by the defendant from Albany Small Claims Court. For the following reasons, the lower court’s judgment is hereby vacated.
Joseph M. Marotta was the rental agent and manager employed by Elaine G. Highsmith, the defendant herein. Gladys Milner was a tenant in the building owned by Elaine G. Highsmith and managed by Joseph M. Marotta. Mr. Marotta commenced eviction proceedings against Gladys Milner, the plaintiff herein, for nonpayment of rent. Mr. Marotta secured an order against Gladys Milner. On July 21, 1986, Gladys Milner commenced an action against Joseph Marotta in Small Claims Court to recover $1,504.90 in damages she claims she sustained to her personal property as a result of being barred from the premises. The case, Milner v Marotta, went to trial on August 27, 1986. Miss Highsmith, appellant herein, was present at the trial as a witness on behalf of the *250 defendant therein, Joseph M. Marotta. It is alleged in appellant’s affidavit, that at the conclusion of the trial, without any notice, the court struck the name of Joseph M. Marotta, the defendant, and substituted the name of Elaine G. Highsmith. This appeal, taken by means of an order to show cause on motion to relieve party from judgment, followed.
UCCA 1814 provides for the substitution of defendants in small claims actions. It states, in pertinent part: "(b) If the true name of the defendant becomes known at any time prior to the hearing on the merits * * * [t]he clerk shall send an amended notice to the defendant” (UCCA 1814 [b]). In the case at bar, not only did appellant not receive notice, but substitution of the name took place after the proceedings were completed. Thus, UCCA 1814 was not adhered to and therefore the substitution is invalid.
Even if, as appellee argues, substitution occurred prior to the trial, it is still invalid since the defendant was not accorded her constitutional rights to due process. The court’s action did not comply with the constitutional mandates of due process. While it is true that Small Claims Court proceedings are simplified and informal since the court is not bound by many of the statutory provisions or rules of practice, procedure or evidence that bind higher courts, the court is still bound by basic due process mandates. In the case at bar, failure to give the appellant notice that she was the defendant and failure to give her an opportunity to prepare her defense and be heard violates the appellant’s due process.
The court finds no merit to appellee’s contention that appellant waived her rights by not objecting to the substitution. Additionally, the court finds no merit to appellee’s contention that both appellee and Judge Stahl believed Attorney Kirsch represented both the landlord, Elaine Highsmith, and her agent, Joseph Marotta. There is no indication in the appellee’s affirmation in opposition that the appellant overtly stated she was represented by Attorney Kirsch. The affirmation only states that she failed to object when the Judge stated she was the substituted defendant and represented by Attorney Kirsch. Additionally, there is a potential conflict of interest if Attorney Kirsch were to represent both the landlord and the agent. Thus, the court finds no merit to appellee’s contentions.
In sum, Small Claims Court failed to properly substitute the appellant as prescribed by the Uniform City Court Act. Additionally, appellant’s fundamental due process rights were *251 violated since she was not afforded proper notice or an opportunity to be heard. Thus, the Small Claims Court judgment is vacated in all respects. Appellee is not barred from instituting an action against appellant provided no other laws, rules or regulations proscribe such.